UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYWAY INVESTMENTS.COM, LLC, | No. 2:17-cv-02181-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH D. REIFER, DEBBIE REIFER, et al., | |
| Defendants. | |

On October 19, 2017, defendants Joseph D. Reifer and Debbie Reifer, proceeding pro se, removed this unlawful detainer action from Yolo County Superior Court. ECF No. 1. As explained below, the court REMANDS the case to the Yolo County Superior Court.

I.     SUBJECT MATTER JURISDICTION

    A.     Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

/////

1

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

B. Discussion

Defendants' Notice of Removal asserts the court has federal question jurisdiction under § 1331 because "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201 . . . [and] Defendant asserts and alleges that Plaintiff did not allow the ninety day period [required under § 5201] to lapse before filing their claim." ECF No. 1 at 2-3. The complaint plaintiff filed in state court asserts only a claim for unlawful detainer, which is a matter of state law. *See* ECF No. 1 at 9.

As explained above, defendants' answer or counterclaim cannot serve as the basis for federal question jurisdiction. *Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint

and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint seeks restitution of the property at issue, damages of $48.66 per day for each day from July 31, 2017 until the date of judgment or possession, and costs. ECF No. 1 at 11. Because these damages are not likely to total more than $75,000, and defendants have provided no other evidence or allegations as to the amount in controversy, the court cannot exercise diversity jurisdiction over the action.

II. <u>CONCLUSION</u>

For the foregoing reasons, this action is REMANDED to Yolo County Superior Court.

IT IS SO ORDERED.

DATED: October 24, 2017.

_____
UNITED STATES DISTRICT JUDGE